IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 325-008-01 |
| | * | |
| MARCO ANTONIO SANCHEZ | * | |

ORDER

Defendant Marco Antonio Sanchez has been charged with one count of conspiracy to possess with the intent to distribute and to distribute controlled substances, a violation of 21 U.S.C. § 846, in this multi-count, multi-defendant case. On November 3, 2025, the United States Magistrate Judge in the Northern District of Georgia conducted a detention hearing. At the conclusion of the hearing, the Magistrate Judge granted the Government's oral motion for detention. The Magistrate Judge found, without opposition, that based upon the offense charged, a statutory presumption arose "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." United States v. Sanchez, Case No. 1:25-MJ-1156, Doc. No. 9, Tr. at 24 (N.D. Ga. Oct. 29, 2025) (referring to without citing 18 U.S.C. § 3142(e)(3)(A)). The Magistrate Judge further found that Defendant had rebutted that presumption. Id. Nevertheless, upon consideration of the factors

set forth in 18 U.S.C. § 3142(g), the Magistrate Judge determined that the Government had established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance. Id. at 25-29.

On December 19, 2025, Defendant filed a motion to revoke the Order of Detention under 18 U.S.C. § 3145(b). Defendant does not contend therein that any of the factual determinations made with respect to the § 3142(g) factors are wrong. Rather, he contends that the Magistrate Judge's conclusion, after balancing the relevant factors, is erroneous. Moreover, in a supplemental brief filed on January 6, 2026, Defendant informs the Court that he has had a stroke while in detention and that his release is necessary for him to pursue appropriate medical care.

The Court reviews a Magistrate Judge's detention or release order *de novo*. United States v. King, 849 F.2d 485, 489-91 (11th Cir. 1988). This is a case in which the presumption for detention arises by virtue of the charged conduct. And while the Magistrate Judge determined that Defendant rebutted that presumption, he then concluded that the § 3142(g) factors weigh in favor of detention while recognizing the matter to be a "pretty close case."

In reviewing this case *de novo*, the Court agrees that Defendant presented sufficient evidence at the detention hearing to rebut the presumption of detention. Nevertheless, upon thorough consideration of the § 3142(g) factors, the transcript from the

2

detention hearing, the briefs of the parties, and argument of counsel during a teleconference on January 8, 2026, the Court further finds by a preponderance of the evidence that Defendant is a serious flight risk.

The statutory factors of the Bail Reform Act include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and circumstances of the defendant, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

The Court agrees with defense counsel and the Magistrate Judge that the history and characteristics of this Defendant, for the most part, weigh in his favor. Defendant is a Mexican resident who came to the United States when he was 18 years old. He is now 52 years old. He has lived in the Atlanta area for over thirty years and been married for 32 years. He has lived in the same residence for 20 years. His wife, daughter and daughter's husband also reside there. His only living parent, his mother, also lives in Georgia. In fact, Defendant claimed through counsel not to

have returned to Mexico since he left. Defendant has maintained steady employment, presently self-employed as a flooring subcontractor. His criminal history consists of a DUI conviction in 2012. He has no history of drug or alcohol abuse. He reported that he was healthy at the detention hearing, but he had a stroke while in confinement thereafter; thus, his physical condition may now weigh in his favor. These favorable circumstances, however, are offset by the fact that Defendant is not a United States citizen. The Government also points out that Defendant presumably has ties to Mexico in that drugs involved in this conspiracy were sourced from Mexico. Add to this equation that Defendant is facing a considerable sentence if convicted, the chance of flight is increased.

Accordingly, while one of the statutory factors – Defendant's history and characteristics – may weigh in his favor, the other three factors weigh against him. Defendant has been charged with a serious drug offense, one that Congress has determined is presumptively dangerous to public safety.[1] The drug distribution ring in this case is considerable and deals in cocaine, methamphetamine, and fentanyl – scourges on our society. And while

---

[1] While the Magistrate Judge did not rely upon this presumption at the hearing, the Court notes that Defendant has not presented any evidence to rebut the presumption that operating a significant drug conspiracy in a major metropolitan area of this State is a danger to the community.

the Court is unaware of a proffer of evidence in the case, Defendant is the **lead** defendant in a case involving **sixteen** co-defendants.

Another circumstance in the case is that United States Immigration and Customs Enforcement ("ICE") has a detainer on Defendant as an illegal alien. The Government represents that if Defendant were released on bond, he would immediately be turned over to ICE and deportation proceedings would follow. In the Court's estimation, release on bond then would hinder and perhaps prevent appropriate resolution of this case because Defendant would not be free to pursue cooperation and negotiations with the United States Attorney and investigative agencies, nor would he be available to stand trial. So, while the detainer may not be a statutory factor under the Bail Reform Act, it is a practical consideration that the Court cannot ignore.

Upon the foregoing, the Court concludes that the serious nature of the charge, Defendant's apparent ties to Mexico, his lack of citizenship, his financial resources, his older age, and the potentially lengthy sentence outweigh the positive attributes of his history and circumstances to such an extent that he is a serious flight risk that no condition or combination of conditions will abate. The Court therefore **DENIES** Defendant's motion to revoke the Order of Detention entered on November 3, 2025. (Doc.

No. 105.)  Defendant Marco Antonio Sanchez shall be detained pending trial or some other resolution of the charges against him.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of January, 2026.

_____
UNITED STATES DISTRICT JUDGE